## No. 10,785.

### CHAS. H. STARNS ET AL. VS. LUELLA D. GOODWYN ET ALS.

A judgment by the District Court of Rapides parish in a pending case, wherein the defendant resided in the parish of Grant, rendered *after* the passage of Act 25, of 1870, divesting it of jurisdiction over suits against defendant, residing in said parish, is an absolute nullity.

A proceeding to revive a contract of marriage, the original act having been destroyed by fire when the court house was burned in 1864, was a *suit* and was required to be transferred from the District Court of Rapides to that of Grant parish.

APPEAL from the Twelfth District Court for the Parish of Rapides. *Blackman, J.*

### *R. I. Bowman* for Plaintiffs and Appellees:

The case of M. E. Starns vs. A. C. Lewis was a cause, an action brought before a court and therefore a suit. C. P. 95, 147, and commenced by a petition addressed to a competent judge setting forth the cause of action. C. P. 171. It is termed a suit in the Acts of 1866 and 1868.

"The act of 1870, in our opinion, removed all the causes, suits and successions falling under the conditions mentioned therein from the parish of Rapides, divested the courts of that parish of all further jurisdiction and control over them and substituted the parish of Grant, as to such jurisdiction and control, etc." 33 An. 1302.

That portion of the Acts of 1866 and 1868 giving jurisdiction to the District Courts of suits against parties in the parish of Grant is a law or parts of a law contrary to the provisions of the act of 1870 and is not only repealed by implication but expressly repealed by that act.

The evidence is conclusive and undisputed that A. C. Lewis was the sole actor and party in the suit of Starns vs. Lewis.

It is evident that the suit and judgment were contrary to the interest of Mrs. Lewis and that the confession of judgment by A. C. Lewis is a confession in his own favor, and the judgment rendered on it.

### *White & Thornton* for Defendants and Appellants:

Act No. 45, p. 78, Session Acts of 1866; and Act No. 102, p. 129, Session Acts of 1868, were not repealed or changed by the passage of Act No. 82, p. 80, Session Acts of 1869, or by Act No. 25, p. 70, extra Session Acts of 1870. They are not the same "subject matter."

The first two acts refer to the supplying of the lost and destroyed public documents and other records by the burning of the court house of Rapides parish, in May, 1864. They were special and local laws, creating a local and special tribunal for a certain and special class of cases. The powers and authority of this special tribunal expired by limitation on 1st January, 1875, since which time there has been no court to act in these matters.

Starns et al. vs. Goodwyn et als.

This special tribunal had exclusive original jurisdiction in the class of cases specified, whether as against persons residing in or out of the parish of Rapides, and it was authorized to try those cases in chambers, Sec. 10.

No other court or tribunal ever had authority in this class of cases.

The defendant in all applications to establish any deed or any writing under this special law, had to admit or deny the application or petition partially or wholly; and the denial had to be under oath. He had no other alternative. Sec. 3; 42 An. 369, C. II. Starns et als. vs. Lavina A. Hadnot et als.

If the application was admitted by the defendant, that was the end of the matter—a finality. If, on the other hand, he denied, under oath, the petition partially or wholly, it was then a suit; whereupon the judge proceeded to the trial without the intervention of a jury. Sec. 3.

"A suit is a real, personal, or mixed demand, made before a competent judge by which the parties pray to obtain their right, and a decision of their disputes." C. P., Art. 96. Therefore, when the defendant admitted the application, there was no right denied, and no dispute to try or decide—no suit pending to be "transmitted" to Grant parish, even if that court had jurisdiction, which it had not. "Subsequent laws do not repeal former ones by containing different provisions; they must be contrary. A particular law is not repealed by a general law, unless they be so repugnant that both can not stand under any circumstance. Different laws on the same subject if not absolutely inconsistent must be considered and construed as one. Prior will not be repealed by subsequent laws from the mere fact that they differ. A repeal will be implied only when the last statute contains provisions irreconcilable with those of prior laws. A repeal by implication is not favored by law." Bond vs. Hietand, 20 An. 140, and authorities there cited.

"These acts are not upon the same 'subject matter.' The former is a local law providing a local tribunal for certain specified cases. The latter is a general law applicable to the State at large." State vs. Kitty, 12 An. 808.

Succession of Fletcher, 12 An. 498; Douglass vs. Craige, 2 An. 919; The State vs. Lewis, 3 An. 398; 24 An. 155; 22 An. 519; 16 An. 395.

The decree establishing the marriage contract was acquiesced in by Mrs. Lewis when she divided all her property between her children of her first marriage and second marriage. Nor was it a consent decree; it was founded on the facts as shown by the testimony of LeGras, the notary before whom the marriage contract was passed. And in obtaining this decree of revival there was no fraud or other ill practice to impeach it. On this point it is *res adjudicata*. 32 An. 368.

If the plaintiffs ever had any right to assail the decree reviving the marriage contract of their mother, that right has long since prescribed. She died November 22, 1876, and they were then all majors. This marriage contract and the decree reviving it has stood, as a monument of title and possession to property by defendants and their ancestor ever since its execution, in 1856, and the prescription specially pleaded is a bar to the plaintiff's pretensions here.

Decision of this court in case of Calhoun and Husband vs. Levy et als., 33 An. 1300-2, is not decisive of this case, because the original and the amended act creating Grant parish did not repeal the special acts of 1866 and 1868, providing for the supplying of the destroyed records of Rapides parish. They did not take away the rights of parties to apply for the revival of those records up to 1875, nor did they give the right to the Grant courts to reëstablish. 2 An. 919; 3 An. 398; 12 An. 808; 20 An. 140; 12 An. 498.

The opinion of the court was delivered by

BERMUDEZ, C. J.　This is a suit to annul a judgment.

In a previous litigation, an attempt having been made to attack it collaterally, this court held that this could not be done and that it must have full force and effect until set aside in a direct action. Starns vs. Hadnot, 42 An. 368.

The plaintiffs and defendants are uterine half brothers and sisters.

The plaintiffs are the children by a first, and the defendants by a second marriage.

Their mother having died in 1876, the plaintiffs at the time claimed that there existed a community between her and her second husband, Lewis, during which property was acquired, which in part, at her death, vested in them.

They therefore brought suit against said half brothers and sisters, in partition of the property said to have accrued to their mother by virtue of that community.

They were met with the defence that there existed no community by express stipulation in the marriage contract between the parties.

To substantiate this averment the marriage contract should have been produced, but it was not, because the original had been destroyed by fire when the court house of the parish of Rapides was burnt in 1864, and the defendants supplied the loss by introducing in evidence a judgment rendered by the District Court of that parish reviving the contract and declaring that it contained the stipulation that *no* community would exist between the spouses.

The present action has for its object to annul that judgment.

The grounds of attack are:

That the court which rendered it, namely the District Court of Rapides, had no jurisdiction *ratione personarum et materiæ* over the suit.

That the judgment was procured in a proceeding in the name of the wife without her knowledge by the husband who confessed the facts alleged.

In 1864 the court house of Rapides parish, in which the Recorder's office, with all the archives belonging to it, was kept, was destroyed by fire.

In 1866 and in 1868 as also in 1869 provision was made by the Legislature to revive or reconstruct destroyed records, contracts,

etc., creating by the last act the parish of Grant. V. Act 45 of 1866; Act 102 of 1868; Act 82 of 1869. .

The suit to revive the contract was brought in the early part of November, 1868, before the court of Rapides, the defendant acknowledging service and confessing on the 11th of November following.

On December 24, 1870, the District Court for the parish of Rapides rendered judgment reviving the marriage contract.

Mrs. Lewis died in 1876.

After the institution of the suit to revive the contract the Legislature passed Act 25, p. 70, extra session of 1870.

The first section of that act declares, by amending the eighth section of the Act of 1869 creating the parish of Grant, that it shall be the duty of the clerks of the District Court of the parish of Rapides and Winn, immediately after the passage of the act, to transmit to the clerk of the District Court for the parish of Grant, all petitions, answers, documents and papers appertaining to suits wherein the defendant or defendants reside within the parish of Grant, and also all petitions, orders, bonds and other papers relating to successions, if the administrators thereof reside and the property of such succession is situated in the parish of Grant, and also all papers and matters relating to the tutorship of minors therein when they or a majority of them reside in the parish of Grant, copies of all such suits or papers to be retained in the office of the clerk of the District Courts of the parishes of Rapides and Winn and the original sent to the parish of Grant. " All suits, whether judgment be rendered therein or not, are to be transmitted in accordance with this act."

Section 4 of the same act provides: "That all actions taken and judgments rendered therein after the passage of this act, shall be null and void and consent shall not take away the jurisdiction of the court to try such causes contrary to this act, except when there is an equal number of the heirs and value of the property in each parish, as the case may be, then it shall be settled by the court if the heirs disagree."

The defences to the suit in nullity are that the act of 1870 did not repeal the previous ones of 1866, 1868 and 1869; that the court of Rapides in 1870, when it rendered the judgment attacked, had jurisdiction of the matter which was *not* a *suit*, that the right of action to annul is barred by prescription.

In the absence of any constitutional prohibition the Legislature

had the right to confer on the courts, the power to revive lost judicial proceedings, contracts as was done by the acts mentioned, and after the creation of the parish of Grant in 1869, it was competent to require the transfer to the District Court of that new parish of all judicial proceeding, whether pending or determined before the District Court for the parish of Rapides, and to strip absolutely that court of all jurisdiction previously acquired in the same and to vest it exclusively in the District Court for the parish of Grant.

The jurisdiction of courts fluctuates with the legislative will whenever the organic law is not thereby contravened.

In 1881 in the case of Calhoun vs. Levy, 33 An. 1290, in which the effects of this very Act of 1870 was inquired into, the present court said:

" The Act of 1870 removed all causes, suits and succession falling under the conditions mentioned therein from the parish of Rapides, divested the court of the parish of all further jurisdiction and control over them and substituted the parish of Grant as to such jurisdiction and control in the stead of the parish of Rapides, vesting the former with all the jurisdiction, authority and judicial power which before the passage of that act had attached to the Rapides court."

This conclusion is grounded on previous ruling on a germane case. Hammett vs. Sprowl, 31 An. 325.

Attempts had been made in those cases to obtain judgments to revive judgments in order to prevent their extinction by prescription.

The word *suits* used in the Act of 1870 applied to all judicial proceedings before the District Court of Rapides, whether terminated, or not, by judgment, whenever the defendant, or main parties concerned therein, resided in Grant parish.

The requirement of the transfer from the former to the latter court, was so mandatory that the Legislature expressly declared that the jurisdiction would pass and be exercised, the consent of parties to the contrary notwithstanding.

This was a legislation concerning public order, dictated by public policy, from which individuals, by their private or other conventions, were prohibited from derogating.

There is no dispute that at the time of the institution of the suit in 1868, and of its decision in 1870, *after* the passage of the prohibi-

tory law, Mr. and Mrs. Lewis, the parties to the proceedings, resided in the parish of Grant.

The consequence is that the District Court of the parish of Rapides having been divested, and that for the parish of Grant having been clothed, exclusively, with jurisdiction over the proceeding to revive the marriage contract, the judgment rendered is a nullity, and must be so declared.

The defence that this proceeding to revive the contract was not a *suit*, and therefore did not come within the legislative purview, is inconsiderate, and entitled to no further notice than a reference to Article 96 of the C. P., which declared in substance that a suit is a judicial demand to obtain a decision on a right asserted. Particularly were such proceedings a *suit*, as the law required a rendition of a judgment as the only evidence to establish a fact, or right asserted. The words *suit*, *process*, and *cause* are almost synonymous.

The other defence of prescription can not stand. We have been referred to no law justifying the plea. We are dispensed from inquiring into the second ground alleged in nullity. The judgment was absolute nullity on its face; as much so as would be a judgment by a justice of the peace passing on title to real estate in a petitory action. It had no bottom to stand upon, and was not such that any right could be acquired under.

There is no evidence that the plaintiff's mother has acquiesced in that judgment so as to bar them from setting up its nullity.

The finding of the District Court amending the judgment assailed is correct, and must remain undisturbed.

Judgment affirmed.